## HENDRICKSON v. WEST CACHE SUGAR CO.

No. 4146.   December 16, 1924.   (231 Pac. 826.)

1.  TRIAL—PREMATURE ADMISSION OF RELEASE ON CROSS-EXAMINA-
    TION OF PLAINTIFF HELD NOT ERROR.  In action for balance due
    for services performed, premature admission of alleged release
    on cross-examination of plaintiff *held* not error, order of proof
    being immaterial, especially in trial before court.

2.  RELEASE—EXCLUSION OF PLAINTIFF'S STATEMENTS, WHEN RELEASE
    WAS EXECUTED, HELD NOT ERROR.  In action for balance due for
    services rendered, exclusion of plaintiff's testimony as to state-
    ments by him, when alleged release was executed, *held* not
    error, though they were parts of conversation leading up to
    execution of release, in absence of claim by defendant that
    claim sued on was specifically mentioned or discussed, or by
    plaintiff that anything was said limiting scope of settlement
    to items expressly mentioned.

3.  RELEASE—FINDING THAT CLAIM SUED ON WAS INCLUDED IN RE-
    LEASE HELD SUPPORTED BY EVIDENCE.  Written agreement recit-
    ing desire to settle all differences and containing express agree-
    ment to urge no litigation arising out of or pertaining to de-
    fendant corporation, *held* sufficient, in light of oral evidence
    and circumstances and situation of parties, to support trial
    court's finding that claim in suit for balance due for services
    rendered was included in release.

Appeal from District Court, First District, Cache County; *M. C. Harris,* Judge.

Action by John A. Hendrickson against the West Cache Sugar Company.  Judgment for defendant, and plaintiff appeals.

See (1) 38 Cyc. p. 1355; (2) 34 Cyc. p. 1101; (3) 34 Cyc. p. 1103.

AFFIRMED.

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellant.

*Bagley, Judd & Ray,* of Salt Lake City, for respondent.

CHERRY, J.

The plaintiff sued to recover a balance of $1,690.90, alleged to be due him for services performed as general manager for defendant from October 17, 1917, to April 15, 1918. The defense was a general release, in writing, entered into and executed by the parties on December 4, 1920. The plaintiff admitted the execution of the release but contended that the claim sued upon was not included in it. The court found that it was, and gave judgment for the defendant. The plaintiff has appealed. The errors assigned relate to the admission and exclusion of certain evidence, and the objection that there is no evidence to support the finding of fact that the claim sued upon was included in the release.

At the time of the execution of the release, it was admitted that there were numerous controversies existing between the parties arising out of the corporate business of the defendant company. The plaintiff was a stockholder of the defendant corporation; the defendant had obtained a judgment against the plaintiff and one Stohl for more than $150,000, an appeal from which was pending; separate actions by the plaintiff and Stohl against a former officer of the defendant company, for libel and slander in connection with the affairs of the company, were also pending; the plaintiff and Stohl together had a claim of $12,500 against the company for a balance due on a transaction relating to a mill; the plaintiff, as a minority stockholder, had made serious charges concerning the financial management of the company's business, and the sale of its product and properties, and had threatened litigation against it and its officers for an accounting, and to set aside the sale of its property.

The release is a formal agreement in writing, and contains

matters not material to the question in controversy. So far as pertinent here, it is an agreement made by the plaintiff and Stohl, as parties of the first part, and J. H. De Vine, acting as attorney for the defendant company and the other interested parties, as party of the second part. The preamble, after naming the parties and reciting the pendency of the legal proceedings above mentioned, continues as follows:

"And whereas the parties of the first part, and the party of the second part, for and in behalf of all persons named as clients, are each desirous of settling all differences now and heretofore existing as between the parties of the first part and the clients, or any of them, of the party of the second part named herein."

There are then formal agreements to the effect that the suit pending on appeal against the plaintiff and Stohl be dismissed, and the judgment rendered thereon released and discharged; that the pending suits for libel and slander commenced by plaintiff and Stohl be dismissed; that the parties of the first part sell, and the party of the second part buy, the shares of stock of the defendant company, owned by the former, at $100 per share; and "the parties of the first part especially covenant and agree with the party of the second part that they will not at any time in the future as stockholders or officers of the West Cache Sugar Company, or as parties to any litigation arising out of or pertaining to the West Cache Sugar Company, or commenced, or which they might or could commence in the future, urge or prosecute any such litigation. * * *"

Before signing the agreement, the plaintiff required the payment to himself and Stohl of the sum of $6,250, in settlement of their claim of $12,500, for balance due on the mill transaction. During the negotiations of the parties leading to the execution of the agreement, no mention was made of the claim of the plaintiff sued upon herein, and no particular reference thereto was made in the agreement. The action was tried by the court, without a jury, and the only question of fact in dispute was whether the release was intended to and did include the claim sued upon. Evidence was received of the conversations and negotiations of the parties at the time

of the execution of the release for the purpose of showing the intention of the parties and the scope of the settlement.

The plaintiff testified as a witness in support of his claim, and, among other things, stated that he had demanded the amount due him and that the defendant had failed and refused to pay the same. Upon his cross-examination he testified to the execution of the release, and, over the objection of plaintiff's counsel that it was not cross-examination, the release was admitted in evidence. This is assigned as error. The most that can be said in support of this assignment is that the release was prematurely admitted in evidence. The release was competent evidence and, even if it was not cross-examination, there was no error in admitting it as such. The order of proof is not material, especially in a trial before the court.

Additional assignments of error are based upon the refusal of the trial court to permit the plaintiff to testify to statements made by him at the time the release was executed that the judgment against him was a reflection upon his honor, and as to whether a certain printed booklet prepared by him and relating to the conduct of the financial affairs of the company had been read and discussed. It does not appear that the matters excluded had any relation to the question in dispute. It is true that they were parts of the conversation which preceded and led up to the execution of the release, and on that account might properly have been admitted in evidence. But no claim was made by the defendant that the claim sued upon was specifically mentioned or discussed when the settlement was made; neither did the plaintiff claim that anything was said whereby the scope of the settlement was limited to the items expressly mentioned and discussed. Under these circumstances the offered evidence was wholly immaterial, and there was no error in excluding it.

The main argument of the plaintiff is devoted to the assignment that there is no evidence to support the finding of the court that the release included the claim sued upon. The written agreement itself recited that the parties "are each

desirous of settling all differences now and heretofore exist-ing,'' and contained the express agreement on the part of plaintiff and Stohl ''that they will not at any time in the future * * * as parties to any litigation arising out of or pertaining to the West Cache Sugar Company, or com-menced, or which they might or could commence in the fu-ture, urge or prosecute any such litigation. * * * '' Stohl, testifying as a witness for the defendant said:

"I think I have already testified—if I haven't, I will—that this adjustment was an adjustment according to the statement repeat-edly made * * * that it was to include all claims that either party had or might have in the future, or be made in the future, by either of the interested parties against the other, whatever, anything growing out of the West Cache Sugar Company."

He testified that he made the statement repeatedly and urged it.

The plaintiff, testifying in rebuttal, admitted that De Vine had said the purpose was to ''clean the slate of all differ-ences.'' The terms of the written agreement, viewed in the light of the oral evidence and the circumstances and situa-tion of the parties, we think was a sufficient basis for the finding of the trial court.

In *U. S.* v. *Wm. Cramp & S. Co.*, 206 U. S. 118, 27 S. Ct. 676, 51 L. Ed. 983, Mr. Justice Brewer, in disposing of a similar case, said:

"Stipulations of this kind are not to be shorn of their efficiency by any narrow, technical and close construction. The general lan-guage 'all and all manner of debts,' etc., indicates a purpose to make an ending of every matter arising under or by virtue of the contract. If parties intend to leave some things open and unsettled their intent so to do should be made manifest."

Judgment affirmed.

WEBER, C. J., GIDEON and FRICK, JJ., and WOOL-LEY, District Judge, concur.

THURMAN, J., did not participate herein.